**12M736**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X   **TO BE FILED UNDER SEAL**

UNITED STATES OF AMERICA

- against -

MICHAEL CHUNG,

        Defendant.

- - - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT IN
SUPPORT OF ARREST WARRANT

(18 U.S.C. § 875(c))

EASTERN DISTRICT OF NEW YORK, SS:

      BRIAN COMISKY, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      Upon information and belief, there is probable cause to believe that on or about August 6, 2012, within the Eastern District of New York and elsewhere, defendant MICHAEL CHUNG did knowingly and intentionally transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, specifically, a threat to kill employees of Sovereign Bank including, inter alia, G.K, an attorney, and K.O., a security and loss prevention official at Sovereign Bank.

      (Title 18, United States Code, Sections 875(c) and 2).

      The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a Special Agent with the FBI for approximately 19 months. The facts set forth in this affidavit are based on my personal knowledge, as well as information obtained from the review of documents and statements made to me by witnesses with knowledge of the relevant facts. In the portions of this affidavit that describe the contents of documents or statements of witnesses, they are reported in substance and in part, unless otherwise indicated. Because I submit this affidavit for the limited purpose of establishing probable cause to arrest the defendant, I have not set forth all facts known to me about this investigation and case.

2. On or about May 31, 2012, the defendant MICHAEL CHUNG attempted to sell his home at 211-35 23rd Avenue, Apartment 1F, Bayside, New York. However, that home was still encumbered with an approximately $179,000 home equity loan issued by Sovereign Bank. In connection with the putative sale of his home, CHUNG submitted a "form UCC-3" to Sovereign Bank. This form, CHUNG argued, automatically extinguished all of Sovereign Bank's interests without the need for CHUNG to repay the loan. Sovereign Bank declined to file the proffered form.

3. Sovereign Bank, a wholly owned subsidiary of Grupo Santander, is a bank based in Boston, Massachusetts. Sovereign

2

Bank also maintains fraud prevention offices in Pottsville, Pennsylvania.

4. On or about August 6, 2012, defendant MICHAEL CHUNG sent K.O., a Sovereign Bank fraud prevention officer based in Pottsville, Pennsylvania, a faxed letter:

> As of today, it seems to me that Sovereign Bank did not file a UCC-3 termination statement yet, despite the several requests I have made. Enclosed is a copy of the UCC-3 termination that I am authorized to file for Sovereign during the next several days. I am in the middle of discussing this matter with your bank attorney [G.K.] and will be visiting him within the next couple days. No answer from you will be taken to mean that I have the authority to use granted means to make valid the UCC-3 termination statement that I will be filing with NYC Register's office this week. Also, the 2nd Amendment to the National Constitution authorizes the use of deadly force to protect my interests as a national citizen. I believe I have a basis to act in that manner.

G.K. is an attorney working with the Sovereign Bank who been discussing the status of the mortgage with CHUNG. The faxed letter was sent from Queens in New York and received in Pottsville, Pennsylvania.

5. Subsequent investigation, including a New York State licensing records check, indicates that the defendant MICHAEL CHUNG owns a licensed shotgun.

WHEREFORE, your deponent respectfully requests that a warrant be issued for the arrest of defendant MICHAEL CHUNG so that he may be dealt with according to law. Because of the

nature of this application, your deponent also requests that this affidavit and the arrest warrant for the defendant be sealed and remain under seal until further order of the Court, except that the FBI may disclose this affidavit and the arrest warrant as necessary to effectuate the arrest and arraignment of the defendant.

BRIAN COMISKY
Special Agent
Federal Bureau of Investigation

Sworn to before me this
7th day of August, 2012

HONORA          STEIN
UNITED          RATE JUDGE
EASTERN DISTRICT OF NEW YORK

4